UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IVETTE T ECHENIDUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:25-cv-00517 (UNA) |
| | ) |
| PRESIDENT BIDEN, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons explained below, dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, who purports to be from Ohio, Florida, and Georgia,[1] *see* Compl. at 3, sues President Biden, the U.S. District Court for the Middle District of Alabama, and the Fifteenth

---

[1] Plaintiff does not provide a residence address, only P.O. Box address, which ordinarily contravenes D.C. LCvR 5.1(c)(1). The court notes, however, that plaintiff indicates that he is currently unhoused, *see* Compl. at 1; therefore, it will grant her use of a P.O. Box address in this matter.

Circuit Court of Alabama in Montgomery County, *see id*. at 1–2, 4, although it appears that she may attempt to sue others who are not listed in the case caption, as required, *see* Fed. R. Civ. P. 10(a); D.C. LCvR 5.1(c)(1), (g). The allegations are quite difficult to follow, consisting of a hodgepodge of alleged wrongdoing, borne out of a purported government conspiracy evidenced by "death for profit, coverups, bribes, court malfeasance, racketeering, embezzlement, collusion, insurance fraud, assaults, battery, and false imprisonment." *See id*. at 3–5 (cleaned up); Compl. Exhibit 1 ("Compl. Ex. 1"), ECF No. 1-1. Plaintiff further contends that defendants have threatened her with murder, *see* Compl. at 1, and that President Biden led a charge to alienate her from her mother, who was also deprived of medical care, "stripped of her rights," "killed for profit," and denied a "Roman Catholic burial," *see id.* at 5. She demands $800 million in damages from each defendant and calls for their prosecution. *See id*.

Simply put, plaintiff's allegations are frivolous, and the court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Applicable here, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. Plaintiff's allegations are sufficiently fanciful to warrant dismissal under this standard. Even

generously construing plaintiff's complaint, her allegations fail to rise above pure conjecture. *See Martin v. Malhoyt*, 830 F.2d 237, 258 (D.C. Cir. 1987); *Meyer v. Reno*, 911 F. Supp. 11, 15 (D.D.C. 1996).

For these reasons, this matter is dismissed without prejudice. An order consistent with this memorandum opinion is issued separately.

Date:   April 17, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge